Chief Justice Bibb
delivered the Opinion of the Court.
Nathaniel Grigsby devised Pat and other slaves and property to his wife Susannah, sons, Mack and Enoch, and Linton Smith, during their lives, and after their deaths the slaves to be divided between his sons, Nathaniel, William, John and Joseph, and daughters Susannah and Elisabeth. Enoch Grigsby the last survivor of the tenants for life, died on the last of April, 1823; and Malinda, the daughter of Pat, is the subject of this controversy-
Cleary claims to have hired Malinda of Enoch, the tenant for life, for one year. After the death of the tenant for life, Joseph Grigsby, one of the remainder men, took the slave Malinda from Cleary, before the expiration of the year and before the last of December; and for this Cleary brought his action of trespass, and had a verdict and judgment for thirty dollars in damages; to this Grigsby prosecutes this writ of error.
The only question worthy of notice in the cause, grows out of a hill of exceptions taken by Grigsby, ¡the defendant below, to the opinion of the court in admitting, in connexion with the fact of possession by Cleary, the declarations of the tenant for life, Enoch, as to his having hired Malinda to Cleary for one year, so as to explain the nature and quality of that possession.
If the tenant for life had in fact hired Malinda to Cleary, for a year, unexpired at the death of the tenant for life, as that event happened after the first day of March, the lessee, Cleary, had a right to hold the slave against the remainder man, until the last day of December, according to the forty-seventh section of the act concerning executors and administrators, (1 Dig. 532.) The fact of hiring by the tenant for life was in issue. Any legal evidence conducing to prove that fact was admissible. By force of the statute and the time of the death of *515 the tenant for life, the lessee or hirer, Cleary, hada right to hold Malinda against the remainder man, until the last of December, provided he had in truth hired her of the tenant for life. The statute has so far made the contract of the tenant for life obligatory upon the .remainderman. The act of the tenant for life, in this instance, ,and to. the- extent before mentioned, is obligatory, and follows the remainder man’s title, and qualifies-his right to take possession, as effectually as if Joseph Grigsby bad purchased Malinda of Enoch after Enoch, had. hired, her toCleary.
Suppose a written contract of lease and hiring between Enoch Grigsby and Cleary, had been executed; that writing would have been competent evidence; without doubt. Such writing, however, would have evidenced nothing more than the facts-done between Enoch and Cleary; it would have been evidence that Enoch had hired Malinda to Cleary, and it would have bound the remainder man, Joseph, by force of the statute.. A parol letting and hiring of the slave, between Enoch and Cleary, is equally binding on Joseph. The declaration of Enoch that he had hired the slave to Cleary, would have been competent evidence in a controversy between Cleary and Enoch, in his life time; and by force of the statute it is competent evidence against Joseph the remainder man, after the death of .Enoch the tenant for life. A lease signed and delivered by Enoch to Cleary, would have been a written declaration of the fact of hiring by the tenant for life. A verbal declaration of the same fact is as competent evidence of the fact; no statute has required that the contract of hire of a slave shall be by writing. We cannot perceive any difference as to the competency, between a written, declaration, and a verbal declaration, made by Enoch in his life-time, as to the fact that he had hired the slave Malinda toCleary; either is obligatory upon the remainder man Joseph, by'force of the, statute; either would conduce to prove the fact of the letting and hiring by the tenant for life. The 45th, 47th and' 48th sections of the act before referred to, providing for the cases of death, after the first day of March, of. *516 persons holding slaves for life, have placed the re4 mainder men in the condition, to a certain extent, as if they claimed through the tenant for life, by continuing, in such cases of death after the first day of March, the estate and interest of the tenant for life, and those claiming from and under him, until the twenty-fifth of December ensuing; postponing the right of possession of the remainder man until that period, and apportioning the hire between the tenant for life and those in remainder.
Crittenden, for plaintiff.
Put the case of a similar question of evidence between one in possession under a tenant in fee of a slave, claiming by hire or gift of the tenant in fee, in an action against one claiming as heir, devisee or executor, and the mind of the profession assents at once to the admissibility of the declarations of the tenant in fee, as competent evidence for the plaiatiiF against the heir, executor or devisee, to explain the character and duration of the possession so delivered, whether as a letting to hire or as a gift. Because the act of the tenant in fee is obligatory upon those claiming under him as heir, devisee or executor. Now the statute, from considerations of public policy and general interest, has made the act of tenant for life of a slave in hiring, obligatory upon the remainder man, for a definite time after the death of the tenant for life, where the death happens after the first day of March and before the last day of December. The declarations of the tenant for life are competent evidence against the remainder man, to explain the duration of the possession delivered by tenant for life, by way of letting to hire; so as to qualify and determine the right of possession between the first day of March and the last day of December.
Judgment affirmed, with damages and costs.